## ATTORNEY NON-REFUNDABLE
## ENGAGEMENT AGREEMENT

This Agreement is in conformity with the Florida Code of Professional Responsibility, as amended through the date hereof.

**ENGAGEMENT:** The undersigned, for itself, and for each of its constituents, predecessors in interest, and their respective affiliates, officers, directors, shareholders, trustees and beneficiaries, and their respective successors in interest and assigns (all of which, whether one or more, shall hereinafter be referred to as the "Client") hereby retains CORONA LAW FIRM, P.A., a Florida professional association (the "Law Firm") to represent the Client in connection with an individual Chapter 13 bankruptcy case.

**RETAINER AND FEES:** This is a flat fee agreement, under which the Client will pay a retainer in the amount of $3,500.00 plus a filing fee of $281.00. The retainer amount will be paid as follows: $2,500.00 due as deposit and $200.00 to be paid every month thereafter until the remaining balance is paid off. The Client understands that the retainer, which is fully earned by the firm when received, includes only legal services and is non-refundable. Further, the Client understands that the filing of this bankruptcy petition will not commence until the remaining balance on the account is paid off completely. The Client also understands that the bankruptcy petition will not be filed until all legal and filing fees are paid in full. The Client understands that there is a $150.00 rescheduling fee for missed appointments with the Firm. One Thousand dollars will be put in the court plan.

**ADDITIONAL COSTS:** The Client shall also pay the filing fee of $281.00 prior to filing and other costs of $101.00 for the pre-filing Credit Counseling Course and Personal Financial Management Course and unless the Client and the Law Firm agree to a separate arrangement for payment of costs, the Client will pay for all costs and expenses incurred (together with interest thereon at the rate of 18% per annum if not paid within 30 days of invoice). "Costs" shall include, but not be limited to, expenditures for filing fees, subpoenas, depositions, witness and consultant's fees, investigation costs, expert witnesses, professional records and reports, photographs, photocopying, long-distance calls, postage, travel, parking, and all costs necessary for proper performance of legal services. The Client understands and agrees that if any of the following motions are filed on the Client's behalf, the Client will be charged in accordance with the fees outlined below and an additional $25.00 for costs. The Client understands and agrees that the mentioned motion(s) may not be filed until full payment is tendered to the Law Firm.

1. Post-confirmation modification of plan — $500.00
2. Motion for hardship discharge — $500.00
3. Motion to purchase, sell or refinance real property — $500.00
4. Motion to rehear, vacate dismissal, shorten prejudice period — $500.00
5. Motion to avoid lien — $500.00
6. Motion to value a motor vehicle, motor home or manufactured home — $500.00
7. Motion to value real property — $750.00
8. LLM Modification through Ch. 13 Plan — $1,500.00

Page 1 of 3

Client's Initials: _____

In addition, the Client understands that the fee does not include defense against adversarial proceedings (which is a lawsuit brought in Bankruptcy Court against you) or objections to your discharge. The Client understands that if a suit is filed against the Client, the defense of this suit will require additional fees including an upfront retainer fee and will be billed on an hourly rate basis of $250.00 an hour for attorney time and $175.00 an hour for paralegal time, plus expenses. The charge for attorney services includes all travel time.

Finally, the Client understands that in the event, the Law Firm must bring an adversarial proceeding against a creditor for any reason such as to stop and seek damages for violating the automatic stay, the Law Firm will attempt to collect their attorney's fees from the creditor. However, if the Court does not award attorney's fees, the Client will be responsible for the Law Firm's hourly rate attorney's fees.

**REPRESENTATION**: It is agreed and understood that the Law Firm has not made and cannot make any promise or assurance concerning the outcome of their representation in this case. If, after continued investigation or any pre-trial proceedings in this matter, the Law Firm determines that it is not feasible to defend or prosecute any particular claim, it will promptly notify the Client of such fact, and may withdraw from their representation under this Agreement if the Client refuses to consent to such decision.

**ADDITIONAL ATTORNEYS**: At any time, the Law Firm may engage, retain and employ in Client's name the services of any additional or other attorneys (sometimes called "co-counsel") who, in the Law Firm's judgment, may assist it in the investigation, preparation or prosecution of the Client's claims. In the event that other or additional attorneys are so employed on the Client's behalf, such employment shall be on terms and conditions within the sole discretion of the Law Firm, so long as the Client's financial obligations under this Agreement are not thereby increased.

**PUBLICITY**: All public statements, interviews with media, and disclosures to third parties will be made solely by and through the Law Firm, or with the Law Firm's specific prior consent.

**REPRESENTED ENTITIES**: This Agreement is binding upon the Client and all affiliated entities whose joinder and/or inclusion is required or implied to render this Agreement fully effective in accordance with its terms, and each undersigned representative of the Client represents and warrants that it has full authority and power to execute this Agreement on behalf of the Client and each such affiliated entity.

**EXECUTION**: This Agreement may be executed in counterparts, and may be delivered by facsimile, and in either event, the counterparts and/or facsimile copies shall constitute one and the same agreement, as fully effective as a single, original document, which shall be binding upon and inure to the benefit of the parties hereto and their heirs, successors and assigns.

Client's Initials: _____

**CO-COUNSEL:** Client(s) agree that Corona Law Firm, PA will not and does not agree to handle/represent this case as "co-counsel" with any other attorneys. Should client(s) retain another attorney for this matter, Corona Law Firm PA is free to file a Motion to Withdraw in this case. If this case is not handled through litigation and/or court, client agrees that by hiring another attorney Corona Law Firm, PA is to be automatically released from any obligation in connection with this case.

DATED this 12th day of June 2013.

**READ, APPROVED AND ACCEPTED:**

CLIENT(S):    SILVIA R. BASHLINE

_[signature]_

Name: Silvia R. Bashline
Address
Address
(    )

LAW FIRM:

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, FL 33126